UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGE KNOBLAUCH,

                                          Plaintiff,

vs.                                                                         9:00-CV-1165
                                                                                   (GLS/GJD)

C.O. NATALE, et al.,

                                          Defendants.
_____

GEORGE KNOBLAUCH
Plaintiff pro se

CHRISTOPHER P. LANGLOIS, ESQ.
Attorney for Defendants

GUSTAVE J. DI BIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

     This matter has been referred to me for Report and Recommendation by the Honorable Gary L. Sharpe, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

     In this amended civil rights complaint, plaintiff alleges various constitutional and state law violations in connection with an alleged denial of access to legal materials. (Dkt. No. 30).

     Plaintiff in this case has failed to abide by various court orders. Most recently, on July 5, 2006, I issued an order, giving plaintiff until **Friday, July 21, 2006** to provide both the court and defense counsel with a telephone number where plaintiff could be reached in order that the court could schedule a telephone conference to determine the status of this case. (Dkt. No. 50). The order further stated that if plaintiff failed to comply with this direction, the court would entertain a motion to

dismiss.

Plaintiff again failed to comply with this court's order, and on August 10, 2006, defendants filed a motion to dismiss for failure to prosecute. (Dkt. No. 51). The motion was served on plaintiff, and plaintiff has not responded to the motion. (Dkt. No. 52)(affidavit of service). For the following reasons, this court agrees with defendants and will recommend dismissal of the complaint in its entirety.

## DISCUSSION

**1.    Background**

I outlined the background of this action in my July 5, 2006 order, but will repeat it here for clarity. Plaintiff originally filed his complaint on July 31, ***2000***, alleging a denial of access to courts. (Dkt. No. 1). On December 11, 2000, plaintiff moved to amend his complaint. (Dkt. No. 13). I reviewed plaintiff's proposed amended complaint and determined that it did not meet the standards of FED. R. CIV. P. 8 and 10. (Dkt. No. 17). I issued an Order and Report-Recommendation, denying plaintiff's motion to amend, but affording him thirty days within which to file another amended complaint, and recommending dismissal if plaintiff did not comply with the order to file a new proposed amended complaint. (Dkt. No. 17).

Plaintiff filed the new proposed amended complaint on January 18, 2002, (Dkt. No. 18), however, I reviewed the new amended complaint and found that it still did not comply with Rules 8 and 10. On March 23, 2001, I issued another Order and Report-Recommendation, giving plaintiff a ***third*** chance to amend his complaint and recommending dismissal if he failed to comply. (Dkt. No. 20). My Order and Report-Recommendation was adopted on December 21, 2001 by Judge Kahn. (Dkt. No. 29).

On January 18, 2002, plaintiff filed his third amended complaint for the court's

2

review, however, on February 1, 2002 the Honorable Lawrence E. Kahn ordered this action stayed for a period of 132 days, due to State Court proceedings involving the defendants' insurance company. (Dkt. Nos. 30, 31). On April 12, 2002, I issued an order, stating that the amended complaint would not be considered until after the stay was lifted. (Dkt. No. 32). On June 17, 2002, Judge Kahn extended the stay until October 12, 2002. (Dkt. No. 33).

Judge Kahn lifted the stay by order dated April 11, 2003. (Dkt. No. 43). Judge Kahn also reviewed the third amended complaint, allowed it to proceed, and ordered plaintiff to serve the third amended complaint. (Dkt. No. 43). The amended complaint was served, and defendants filed their answer on May 22, 2003. (Dkt. No. 45). On July 21, 2003, I issued a Rule 16 Scheduling Order, setting deadlines in this case. (Dkt. No. 46). All deadlines expired on February 26, *2004*, and on March 5, *2004*, this case was transferred to the Honorable Gary L. Sharpe for all further proceedings. (Dkt. Nos. 46, 47).

On June 9, *2006*, I issued an order, scheduling a telephone status conference for June 21, 2006 at 2:30 p.m. (Dkt. No. 48). In that order, I instructed the attorney for defendants to initiate the conference using a telephone conference service. I also ***specifically ordered*** plaintiff to inform the court and defense counsel ***in writing*** of the telephone number at which plaintiff could be reached so that he could participate in the conference. *Id*.

On June 20, 2006, this court received a letter from defense counsel, stating that plaintiff had failed to provide defense counsel with a telephone number. (Dkt. No. 49). Plaintiff also failed to advise the court of his telephone number. Due to plaintiff's failure to provide a contact number, the telephone conference set for June 21, 2006

was cancelled. It did not appear that defense counsel sent a copy of his June 20, 2006 letter to plaintiff.

Plaintiff filed his most recent change of address on December 21, 2001. (Dkt. No. 28). My Order of June 9, 2006, scheduling the telephone conference and directing plaintiff to supply the court and defense counsel with plaintiff's telephone number was ***not returned to the court as undeliverable***, making it unclear whether plaintiff either did not receive the court's order or whether he was deliberately disregarding the court's order.

In my June 9, 2006 order, I specifically directed plaintiff to provide his telephone number to defense counsel. Plaintiff did not comply with that order and therefore, he failed to provide the court with contact information ***and*** disobeyed a court order. Because the June 9, 2006 order was not returned after it was sent to plaintiff, it was unclear whether plaintiff received the order. Because plaintiff was pro se, and great liberality must be afforded pro se litigants, I issued the July 5, 2006 order, giving plaintiff another chance to comply and ***specifically warning*** plaintiff that if he failed to obey orders of the court, I would recommend ***dismissal of his case*** if the defendants made the appropriate motion.

## 2. Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996)(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). Moreover, notwithstanding the leniency with which pro se plaintiffs are treated, a plaintiff has the duty to inform the

4

court of any address changes. *See Lucas v. Miles*, 34 F.3d 532, 538 (2d Cir. 1996) (pro se plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives).

"The demand that plaintiffs provide contact information ***is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit***." *Dumpson v. Goord*, 2004 U.S. Dist. LEXIS 14317, *8 (W.D.N.Y. July 22, 2004)(emphasis added). Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with LOCAL RULE 10.1(b) may result in the dismissal of any pending action.

The Second Circuit has held that generally, a determination of whether to dismiss for failure to prosecute involves a consideration of whether plaintiff's failure caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the court must consider the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

Defendants have now made the appropriate motion to dismiss, and the court will consider the required factors. First, the court finds that the delay has been of considerable duration. This case was first filed in 2000, and notwithstanding any delays caused by the stay that was put into place by Judge Kahn, the delays caused by plaintiff have been considerable even if the court assumes that the case began when

5

the *third amended complaint* was ordered filed by Judge Kahn on April 11, 2003, the day that he ordered the stay lifted. Since plaintiff has not bothered to respond court orders, nor has he provided current contact information, the delay is apt to be considerably longer. Thus, the length of the delay weighs in favor of dismissal.

As to the second factor, plaintiff has now been specifically warned that his failure to provide the court with the appropriate information and his failure to participate in the prosecution of this case could result in dismissal of the action. Even though plaintiff is pro se, this court has been quite lenient, has given him several chances to comply, and has warned him of the consequences of his failure. He has continued to ignore the court, and even if he has not received these warnings, it is due to his failure to keep the court and defense counsel informed of plaintiff's contact information. Thus, the second factor weighs in favor of dismissal.

Certainly the defendants will be prejudiced by any further delay. As stated above, the events forming the basis of this action occurred between April 28, *1999* to November 1, *1999*, approximately *seven years ago*. There appears to have been no discovery to date, and thus, the chances of obtaining accurate information are becoming less and less. It also appears that plaintiff no longer has an interest in pursuing this action. Defendants have already been prejudiced and will continue to be prejudiced by any further delay.

The court understands that dismissal is a harsh remedy to be used only in extreme circumstances, however, this case represents the type of action where dismissal is appropriate. The court cannot consider lesser sanctions because plaintiff has made it impossible to contact him to impose lesser sanctions. Because it appears that plaintiff has effectively abandoned this case, the court finds that dismissal is the

only remedy that it can impose.

**WHEREFORE,** based on the above, it is

**RECOMMENDED**, that defendants' motion to dismiss for failure to prosecute (Dkt. No. 51), be **GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: October 5, 2006

                                                                            *[signature]*
                                                                            Hon. Gustave J. DiBianco
                                                                            U.S. Magistrate Judge